IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**RHONDA ELLIS o/b/o**
**DUSTIN A. GODFREY,**

      **Plaintiff,**

vs.                                          **CASE NO. 1:06CV218-MP/AK**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application on behalf of her son, Dustin Godfrey, for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

**A.   PROCEDURAL HISTORY**

Plaintiff filed an application for SSI on October 10, 2002, alleging a disability onset date of April 13, 1992, because of learning and behavioral problems. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a

hearing on October 19, 2005, and entered an unfavorable decision on February 15, 2006. The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner. This action followed.

**B.      FINDINGS OF THE ALJ**

The ALJ found that Plaintiff has Attention Deficit Hyperactivity Disorder and Learning Disorder, which are technically severe impairments because the child has more than slight abnormalities and more than minimal functional limitations. (R. 14). The ALJ evaluated the functional limitations resulting from the child's impairments and found him to have no extreme limitations and less than marked limitations in the six domains, and he is therefore not disabled.

**C.      ISSUES PRESENTED**

Plaintiff argues that the ALJ erred at Step Three by not finding a number of impairments severe, and that if he considered these impairments in combination, he should have found Plaintiff met Listings 112.04 Mood Disorders, 112.10 Pervasive Development Disorder, or 112.11 Attention Deficit Disorder.

The government responds that the ALJ, as well as state agency medical consultants, concluded that Plaintiff did not meet the listings based on their review of the evidence. The ALJ also evaluated whether Plaintiff functionally met any of the listings by considering the six domains of functioning.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**No. 1:06CV218-MP/AK**

**D.    STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an

**No. 1:06CV218-MP/AK**

adequate basis for it to determine whether proper legal principles have been observed requires reversal.  Id. (citations omitted).

> Childhood disability is defined by the regulations:
> An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death, or which have lasted, or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. §1382c(a)(3)(C)(1).
>
> The regulations set forth a three-step sequential evaluation process:
> 1.  The ALJ must determine if the child is performing substantial gainful activity;
> 2.  If not, the ALJ must determine whether the child's impairments are severe; and
> 3.  If severe, the ALJ must determine whether the impairments meet or equal the severity of a listed impairment.  20 CFR §416.924.

If the ALJ finds that the impairments are severe, but do not meet the listing requirements, he may find that the impairments result in limitations that functionally equal the listings.  20 CFR § 416.926a.  To establish functional equivalence in step 3, the ALJ must have a medically determinable impairment that results in marked limitations in two functional domains or an extreme limitation in one domain.  20 CFR § 416.926a(a).  The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being.  20 CFR 416.926a.

**No. 1:06CV218-MP/AK**

## E.  SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY

Plaintiff's primary diagnoses have been mild cerebral palsy, mild Tourette's syndrome and mild attention deficit hyperactivity disorder. (R. 55, 134-137. 140, 148-150, 171). He has also been treated for Pervasive Development Disorder. (R. 349). His IQ is in the high borderline to low average range. (R. 130, 133, 148-150, 374-379). Two teacher questionnaires report observations that are mostly slight to obvious problems in most areas (on a scale from no problem, slight problem, an obvious problem, a serious problem, a very serious problem). (R. 88-95, 97-104). One report, unsigned and undated, indicates three domains (II, III, V) are mostly serious to very serious problems. (R. 99-102). There are two Childhood Disability Evaluations in the record. One dated March 12, 2003, indicates less than marked limitations in all six domains. (R. 151-156). Another on November 3, 2003, shows marked in one domain (II Attending and Completing Tasks) and less than marked in the remaining five domains. (R. 334-339).

## F.  SUMMARY OF THE ADMINISTRATIVE HEARING

Plaintiff appeared with his mother and counsel. (R. 384). He is currently in eighth grade. (R. 390). He has physical problems in that he cannot run, has leg cramps, stomach problems, and has been in trouble fighting. (R. 387-390). He has also set fires in his back yard. (R. 391). Plaintiff has trouble completing assignments and staying on task. (R. 392). Counsel argued before the hearing closed that Plaintiff should be considered "marked" or even "extreme" in two domains, II Attending and

**No. 1:06CV218-MP/AK**

Completing Tasks, and III Interacting or Relating to Others. (R. 393). Counsel argued that Plaintiff also has depression and an IQ of 71, which should render him disabled. (R. 393).

**G.      DISCUSSION**

The ALJ's decision is fully supported by the record. The treating sources who have rendered an opinion on Plaintiff's impairments have referred to his various conditions as "mild," and his assessments have shown improvement or "doing well" with medications. His IQ is high borderline or low average, which does not meet the listing requirements for intellectual functioning, and although counsel has suggested he meets the requirements for a number of listings, he has not specifically indicated how, and it is not apparent to the Court from any of the evidence presented that he meets these listings. Two evaluations have been conducted and specific assessments under the six domains completed, but neither evaluation indicates an extreme limitation or two marked limitations, which is the requirement for a childhood disability rating.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this  *28*^th  day of April, 2008.

                                           *s/ A. KORNBLUM*
                                           **ALLAN KORNBLUM**
                                           **UNITED STATES MAGISTRATE JUDGE**

**No. 1:06CV218-MP/AK**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:06CV218-MP/AK**